Allen, P.
after stating the case, proceeded: There was no valid objection to the indictment ? and if the motion for a new trial had been made in time or could have been entertained, the plaintiff in error did not show any good excuse for his failure to defend himself. The motions to quash the indictment and to grant a new trial, were properly overruled. The only question of interest in the case arises upon the motion to quash the capias ad audiendum, and upon the judgment of the court sentencing the plaintiff to imprisonment in the jail of the county for six months.
A judgment, whether in a civil or criminal case, is the sentence of the law pronounced by the proper tribunal, as the result of the proceedings instituted for the redress of injury or the punishment of offences. In civil cases, judgments are either interlocutory or final. Interlocutory, as where the right of the plaintiff is established by a failure to plead or a withdrawal of a plea, but where the damages are not ascertained, and for which the intervention of a jury is necessary. On the return of this enquiry, the right to recover *712 having been established, final judgment is entered up. But whenever final judgment is entered after the writ of enquiry awarded and executed, or after a verdict on the merits, such final judgment finishes the proceedings, nothing more remains for the court to do, and execution may be done in pursuance of the judgment.
As the judgment is entire, and when a verdict has passed, is the sentence of the law upon the result of the proceedings instituted as aforesaid, it can make no difference whether that sentence is merely for the fine assessed by the verdict, or combined with it and super-added to it, is accompanied with imprisonment; which punishment the law affixes to the finding of the fact, when in the exercise of the legal discretion of the court it is deemed proper to impose it. It becomes when rendered an entire judgment upon the facts as found, and in the language of the books finishes the proceedings; and it would seem to follow that as the judgment is the determination of law upon the verdict or particular state of facts, it cannot be divided, and a part of the final sentence be pronounced at one term, and after having to that extent passed entirely from the control of the court, that it should at a subsequent period, take up the same finding and pronounce another sentence in addition to the one already entered upon the same state of facts. Neither judgment would be interlocutory. The judgment for the fine and costs would be final, and execution could issue and be collected; the defendant, if arrested on a capias pro fine, could at once discharge himself by payment; and he might be inclined to do'so, to acquiesce in the judgment imposing a mere fine, but not willing to waive any legal objection he might have to the verdict, if imprisonment was to be superadded. If judgment for the fine may be imposed at one term and for imprisonment at another, either the defendant would *713 foe deprived of á legal right, or the court might be placed in the attitude of upholding a verdict as good for one purpose, and declaring it void for another.
In misdemeanors, the personal presence of the defendant is not necessary at the trial; a verdict and judgment for the fine may be found and rendered in his absence; and after the term he can neither move * for a new trial or in arrest of judgment. But until final judgment he may so move. In England, in cases of misdemeanor, the jury merely passed upon the fact of guilt. The amount of the fine against him was fixed by the judgment of the court. In the case of the Queen v. Templeman, 1 Salk. R. 55, it was held' that defendants may submit to a fine, though absent, if they have a clerk in court that will undertake for the fine. But where a man is to receive any corporal punishment, judgment cannot be given in his absence: and the reason given is, that there is a capias pro fine, but no process to take a man and put him on a pillory. Duke's Case, Id. 400, is to the same effect. In Rex v. Hann & Price, 3 Burr. R. 1786, the defendants, who had confessed themselves guilty of a misdemeanor, moved for a rule to dispense with their personal appearance, on the undertaking of their clerk in court to answer for their fines. It was agreed by court and counsel, that such motion was subject to the discretion of the court, either to grant or refuse it, where it was clear and certain that the punishment would not be corporal; yet it ought to be denied in every case where it was either probable or possible that the punishment would be corporal.
The reason assigned for the decisions shows that the court did. not suppose that separate judgments could be given for the fine and for the corporal punishment. They could render judgment for the fine in the absence of the defendant, because he could be arrested on a capias pro fine, but they could not render judg *714 ment for corporal punishment, because there was no process to take a man and set him on a pillory. But if separate judgments could be rendered, the reason was not sound. They considered the judgment an entirety, and if rendered for the fine on the undertaking of the clerk, the whole subject had passed from the jurisdiction of the court, and there could be no sentence for corporal punishment. That there cannot be two judgments for one offence, is affirmed by Hawkins’ Pleas of the Crown, ch. 48, § 23, p. 634, who says, that if a judgment of outlawry be voidable only and not void, and the defendant will not bring a writ of error, nor plead in a convenient time, proper execution shall be awarded against him, but no sentence can be pronounced, because the outlawry is a judgment, and no man shall have two judgments for oné offence.
The Code, ch. 199, § 24, p. 752, directing that the term of confinement in the jail, of a person found guilty of a misdemeanor, where that punishment is prescribed, should be ascertained by the court, and the fine, except where it is otherwise provided, shall be assessed by the jury, so far as the term of confinement and the amount of the fine are not fixed by law, does not change the character of the judgment. It is still to be a final judgment upon the verdict finding the defendant guilty. The provision authorizing the court to ascertain the term of imprisonment and the jury the amount of fine, does not change or modify the form of the judgment. That remain's the same, and is an entirety, the sentence of the law upon the facts found by the verdict.
The forms of writs and entries, as found in Robinson’s Forms, p. 49 and 270, show the practice of the state. The writ, after setting out the verdict of guilty and fine assessed, commands the officer to arrest the defendant, &c. to show if any thing for himself he hath or knows to say, why the court should not pro *715 eeed to pronounce judgment according to law? And the form of the entry of the judgment on such writ, is for the fine assessed, and that he be imprisoned, &c. There is no foundation for the argument that these forms were adopted before the change in our law requiring the jury, on a conviction for a misdemeanor, to assess the amount of the amercement. That alteration in our law was made as early as 1786, 12 Hen. Stat. 355.
The act in relation to gaming, 1 Rev. Code, p. 563, § 5, directed, that on a conviction for gaming the defendant should be committed to jail until he gave security for his good behavior for twelve months after the conviction. And by another section, p. 569, § 22, it was provided that whenever judgment should be rendered against any offender by virtue of said act, if he be not present, the court might award a capias pro fine, and also to bring the body of the offender to be dealt with as the law directs. If this were held to constitute an exception to what I suppose to be the general rule, and to authorize separate and successive judgments on the same verdict against the same defendant, the exception in the particular case, created by express enactment, would only prove the rule in all other cases. But I do not consider it to be an exception. The offence is punished by the judgment for the fine and costs. That is final, and may be executed, although the defendant is not brought in and recognized to be of good behavior. The court renders no further judgment on the verdict. The provision to recognize the defendant, is not part of the punishment for the offence of which he has been convicted, but is a measure of precaution, the exereise of preventive justice, resulting from the conviction of an offence, and final judgment thereon. After such judgment and the term ended the defendant has no day in court to allege any thing against it. I do not *716 understand it to be a controverted point, that if no judgment has been pronounced for the fine, the de- ■ fendant may, whenever he is brought in to hear judgment at the same or any succeeding term, move in arrest of judgment or for a new trial. The form of the writ which may be regarded in this particular as evidence of the law, indicates that when he is brought in to hear sentence for any punishment, pecuniary or corporal, as the result of the verdict of guilty, he may show cause against it. And if when no judgment is’ pronounced the cause shown may be sufficient to ai’rest the judgment or set aside the verdict, can the court, by pronouncing judgment for the amercement, preclude the defendant, when about to be sentenced to corporal punishment, from showing that the judgment should be arrested, or that the verdict should be set aside. Either this must be the result, or the judgment for the fine and costs must be regarded as merely interlocutory, and upon which no execution could issue. The judgment, however, in terms is final, so far as it goes; execution may have been issued and levied out of the property of the defendant. And one of the grounds upon which the practice has been vindicated is, that where in the judgment of the court corporal punishment should be added to the pecuniary fine, the party, by removing his property and concealing himself, may escape all punishment, if judg- , ment for the fine and costs may not be pronounced and execution issued thereon forthwith.
I think when the judgment was rendered for the fine and costs, it was final. There was. an end of the proceedings, and nothing remained but to enforce the judgment by proper process. After the term, it could not be modified, or added to or altered by the court; and if erroneous, the defendant’s remedy was in a court of error.
It follows, therefore, that the writ of capias ad an *717 diendum was improvidently awarded, and the court erred in overruling the motion of the defendant to quash the same, and to discharge him from arrest, and in proceeding to render further judgment against the defendant on said verdict, whereby hé was sentenced to be imprisoned in the jail of said county, without bail or mainprize for the term of,, six months.
The other judges concurred in the opinion of Allen, P.
Judgment reversed.